## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Etta Scott, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Westlake Services, LLC d/b/a Westlake Financial Services,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 1:12-cv-09289<br><br>)   Judge Castillo |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COMES Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake Financial"), by its attorneys, and in support of its motion to dismiss plaintiff's complaint as moot pursuant to Fed.R.Civ.P. 12(b)(1), states as follows:

## INTRODUCTION

In September 2010, Wanda Barnett financed the purchase of a 2004 Jaguar X-Type sedan through Westlake Financial. As part of her application, Barnett listed "Etta Scott" as a reference, identifying Scott as her "best friend" and providing Scott's phone number as "(773) 410-4748."

By August 2012, Barnett had fallen behind on her payments and was not returning Westlake's calls. On August 15, 2012, Westlake reached out to Scott (at the -4748 phone number provided by Barnett) and Scott said she would pass a message on to Barnett. Over the next three months, Westlake placed several more calls to Scott at the -4748 number, all in an attempt to contact Barnett.

On November 20, 2012, Scott filed this putative class action complaint, alleging that Westlake violated the Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA"), by

using an automated telephone dialing system ("automated dialer") to place calls to her cellular phone without having obtained her prior express consent. (Dkt. 1, paras. 14-19.) Scott did not identify the specific dates for any calls; rather, she merely alleged that the calls began "in or around October 2012." Nor did Scott provide any facts to support her allegation that the calls were made using an automated dialer, as opposed to being manually dialed.

On January 17, 2013, Scott filed an amended class action complaint, which still lacks any facts to support the claim that Westlake placed the calls using an automated dialer, but provides more specifics about the number and dates of the calls: "seven automated calls" on November 10, 2012; "nine automated calls" on November 12, 2012; and "four automated calls" on November 16, 2012. (Dkt. 6, paras. 12-14.)

On February 5, 2013, counsel for Westlake sent a settlement offer to Scott's counsel, offering to settle Scott's TCPA claim, without any admission of liability, by (1) paying $1500 "for each and every dialer-generated call made to plaintiff," (2) paying all costs that Scott would recover were she to prevail in the lawsuit, and (3) agreeing to "the entry of an injunction prohibiting Westlake from making any calls to plaintiff's cellular telephone without her prior express consent." *See* Exhibit A, e-mail of February 5, 2013, attached hereto.[1] Westlake indicated that, according to its records, there were only six dialer-generated (as opposed to manually-dialed) calls but offered to confer with Scott's counsel to resolve any dispute with regard to the number of dialer calls ("If you would care to share with me the basis for your belief that the November 10, 12 and 16 calls were dialer generated, perhaps we can resolve this discrepancy."). Westlake then pointed out that because the offer provided Scott with all the relief she was entitled to under the TCPA, and because Westlake extended the offer prior to Scott

---

[1] Under the TCPA, the maximum relief which a plaintiff may recover is $500 for each phone call, trebled to $1500 for willful violations, and injunctive relief. 47 U.S.C. § 227(b)(3)(B); 47 U.S.C. § 227(b)(3)(A).

bringing a motion for class certification, her claim was moot and the case must be dismissed. *Id.*, citing *Damasco v. Clearwire Corporation*, 662 F.3d 891 (7th Cir. 2011).

The next day, February 6, 2013, Scott filed a motion for class certification. (Dkt. 14.) In a separate response to Westlake's counsel, Scott's counsel maintained that the offer did not moot Scott's claims because "there is a significant controversy" regarding the number of calls and "with the class certification motion now on file, this case will proceed." *See* Exhibit B, letter of February 6, 2013, attached hereto.

## ARGUMENT

The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011). The doctrine demands that the parties to a federal case maintain a personal stake in the outcome at all stages of the litigation. *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864, 180 L. Ed. 2d 811 (2011). Therefore, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted).

A plaintiff retains no personal interest in the outcome of litigation where the defendant has offered complete relief of the plaintiff's claims; such an offer will moot the plaintiff's claims. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). The Seventh Circuit has explained: "You cannot persist in suing after you've won." *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999).

A settlement offer to a named plaintiff in a putative class action, which is made prior to any motion for class certification and which completely satisfies the claim of the plaintiff, moots

3

the claim and requires dismissal of the action. *Damasco*, 662 F.3d at 893. In *Damasco*, which also involved a TCPA claim, the defendant made a settlement offer prior to plaintiff filing his motion for class certification. Specifically, like the offer made here, the defendant offered $1500 for "each and every [text] message" which the plaintiff received plus injunctive relief and taxable costs. The Court affirmed the dismissal of plaintiff's claims based on mootness, finding that "To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Id*.at 896.

Scott cannot avoid the mootness doctrine by moving for class certification *after* receiving an offer of full relief. *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010). The *Damasco* court made it very clear – to avoid mootness based on an offer of full relief, the plaintiff should file a class certification motion along with the complaint. *Damasco*, 662 F.3d at 896. Scott chose not to do so here; indeed, the case had been on file for *over two months* before Westlake made its offer.

Nor can Scott avoid mootness by arguing that there is a dispute over the number of dialer-generated calls. Westlake's offer was unconditional – it offered to pay $1500 for each and every dialer-generated call. Indeed, the plaintiff in *Damasco* made the same argument, *i.e.*, that the defendant's offer (which was the same "each and every" offer made by Westlake in the instant case) was indeterminate as to the number of messages sent and, therefore, unenforceable. The district court rejected that argument, noting that "the Letter states that Clearwire would pay for 'each and every message' – meaning all messages received by Plaintiff. This is not an indefinite term." *Damasco v. Clearwire Corporation*, Case No. 1:10-cv-03063, 2010 U.S. Dist. LEXIS 91151 at *8 (N.D. Ill., Sept. 2, 2010). The district court likewise found that it was "also

difficult to see why Clearwire's failure to 'identify' the text messages invalidates the offer, where Clearwire has agreed to compensate Plaintiff for each and every unauthorized message from Defendant, regardless of its subject." *Id*.

Determining the exact number of dialer-generated calls can be confirmed via a ministerial inspection of Westlake's call records on the Barnett account, supported by affidavit or deposition. The court can direct that the parties undertake such limited discovery as is necessary to confirm the number of dialer-generated calls – nothing more is necessary.

The *Damasco* holding is clear: when a full settlement offer is tendered before a motion to certify the class is filed, the named plaintiff's claim is rendered moot and the trial court lacks subject matter jurisdiction. Because Westlake's offer provides Scott with all the relief she could have obtained were she to prevail in this action, her claims are moot and the case must be dismissed.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Westlake respectfully requests that the Court enter an order (1) directing the parties to conduct such limited formal or informal discovery as is necessary to confirm the number of dialer-generated calls made by Westlake to plaintiff; (2) directing Westlake to thereafter pay plaintiff the sum of $1500 for each such call, plus taxable costs, per the terms of the offer, in exchange for a full release; (3) enjoining Westlake from placing further calls to plaintiff's cellular telephone without her prior express consent; and (4) thereafter dismissing plaintiff's claims with prejudice.

Dated: February 13, 2013        Respectfully Submitted,

WESTLAKE SERVICES, LLC d/b/a WESTLAKE
FINANCIAL SERVICES

By: /s/ David L. Hartsell

David L. Hartsell
Susan E. Groh
McGUIREWOODS LLP
77 West Wacker Dr., Ste. 4100
Chicago, Illinois 60601
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **DEFENDANT'S**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court

using the CM/ECF system on this the 13th day of February 2013, which constitutes service on

below counsel, a registered electronic filing user, pursuant to FED. R. CIV. P. 5(b)(2)(D).

           **Sergei Lemberg**
           slemberg@lemberglaw.com
           **Dmitry N. Feofanov**
           feofanov@chicagolemonlaw.com

                              /s/ David L. Hartsell

45636081_1.DOCX