**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Etta Scott, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 1:12-cv-09289<br>)<br>) Judge Castillo |
| v. | ) |
| Westlake Services, LLC d/b/a Westlake Financial Services, | )<br>)<br>) |
| Defendant. | )<br>) |

### **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

NOW COMES defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake Financial"), by its attorneys, and in further support of its motion to dismiss plaintiff's complaint as moot pursuant to Fed.R.Civ.P. 12(b)(1), states as follows:

Prior to plaintiff filing her motion for class certification, Westlake extended an offer to settle her claims for the maximum relief available under the TCPA - $1500 for each and every dialer-generated call to her cell phone, an injunction prohibiting further dialer-generated calls to her phone, and costs. As such, her claim is moot and must be dismissed. *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). Try as she may, plaintiff cannot avoid *Damasco*, which is on all fours with and controlling in this case. The *Damasco* court's direction to plaintiff's lawyers was crystal clear – file your class certification motion along with your complaint. Plaintiff failed to do so here; instead, she waited until *after* Westlake had made the offer (and more than two months after she filed her complaint).

Plaintiff tries to avoid the inevitable by arguing that, because there is a dispute over the number of dialer-generated calls, Westlake has not offered her "full" relief. She seeks to

characterize Westlake's offer as confined to six dialer-generated calls when, in fact, Westlake's offer was *unconditional* – it offered to pay for "each and every" dialer-generated call to plaintiff's cell phone.[1] As Westlake's counsel confirmed in open court, it does not matter whether there turn out to be six calls or six hundred calls – the offer stands.

Likewise, plaintiff misrepresents the facts in *Damasco*. There, just like here, there was an offer to pay for "each and every" message. There, just like here, there was a dispute over the number of messages at issue. There, just like here, plaintiff argued that the defendant's offer was indeterminate as to the number of messages and, therefore, unenforceable. The district court rejected that argument, noting that "the Letter states that Clearwire would pay for 'each and every message' – meaning all messages received by Plaintiff. This is not an indefinite term." *Damasco v. Clearwire Corporation*, Case No. 1:10-cv-03063, 2010 U.S. Dist. LEXIS 91151 at *8 (N.D. Ill., Sept. 2, 2010). The district court likewise found that it was "also difficult to see why Clearwire's failure to 'identify' the text messages invalidates the offer, where Clearwire has agreed to compensate Plaintiff for each and every unauthorized message from Defendant, regardless of its subject." *Id*.

Plaintiff's reliance on *Gates v. Towery*, 430 F.3d 429 (7th Cir. 2005), is misplaced. In *Gates*, the plaintiffs brought a due process claim against the City of Chicago, challenging the procedures that Chicago uses for dealing with property that the police seize when making custodial arrests. The court found that the City's offer to plaintiffs was inadequate because it did not include compensation for interest, nominal damages, compensatory damages, costs, and

---

[1] Westlake indicated that, according to its records, there were only six dialer-generated (as opposed to manually-dialed) calls but offered to confer with Scott's counsel to resolve any dispute with regard to the number of dialer calls ("If you would care to share with me the basis for your belief that the November 10, 12 and 16 calls were dialer generated, perhaps we can resolve this discrepancy.").

attorneys' fees. Westlake's offer to plaintiff, by contrast, offered her everything she could possibly recover.

*Damasco*'s holding is clear and binding: a full settlement offer made before a motion for class certification is filed moots a plaintiff's claim. Westlake's offer provides the plaintiff with all the relief she could obtain in this case, and, therefore, this case must be dismissed because it is moot.

WHEREFORE, for the reasons set forth above and those in Westlake's Motion to Dismiss, Westlake respectfully requests that the Court enter an order (1) directing the parties to conduct such limited formal or informal discovery as is necessary to confirm the number of dialer-generated calls made by Westlake to plaintiff; (2) directing Westlake to thereafter pay plaintiff the sum of $1500 for each such call, plus taxable costs, per the terms of the offer, in exchange for a full release; (3) enjoining Westlake from placing further calls to plaintiff's cellular telephone without her prior express consent; and (4) thereafter dismissing plaintiff's claims with prejudice.

Dated: March 7, 2013

Respectfully Submitted,

WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES

By: /s/ David L. Hartsell

David L. Hartsell
Susan E. Groh
McGUIREWOODS LLP
77 West Wacker Dr., Ste. 4100
Chicago, Illinois 60601
(312) 849-8100
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system on this the 7th day of March 2013, which constitutes service on below counsel, a registered electronic filing user, pursuant to Fed. R. Civ. P. 5(b)(2)(D).

**Sergei Lemberg**
slemberg@lemberglaw.com
**Dmitry N. Feofanov**
feofanov@chicagolemonlaw.com

/s/ David L. Hartsell